## WILLIAM BACH, Respondent,

*vs.*

## ROBERT S. BELL and AUGUST BAENSCH, Appellants.

ERROR TO MANITOWOC CIRCUIT COURT.

If the complaint is good in substance, but technically defective as to form or order of statement, the remedy is not by demurrer, but to move to strike out, or to have it made more certain, under section 66 of the Code.

The cause of action is set out in the complaint as follows :
The complaint of the above named plaintiff respectfully shows unto this court that the defendants, Robert L. Bell and August Baensch, doing business under the style of Bell & Baensch, on the 6th day of August, A. D. 1855, at Manitowoc, in the State of Wisconsin, made their certain draft in writing, (bearing date on that day,) on Messrs. Tuttle, Green & Co., of the city of Chicago, in the State of Illinois, whereby they required Messrs. Tuttle, Green & Co. to pay to the order of this plaintiff, at the sight of the said draft, the sum of five hundred dollars; and the plaintiff further shows and states that in consideration of the said draft, as aforesaid, and believing that said draft would be paid as directed, at the sight, or upon the presentation thereof, advanced and paid the said defendants, Bell & Baensch, on the said draft, the sum of five hundred dollars, on said sixth day of August, A. D. 1855; and the said plaintiff further says, that said draft was duly presented for payment to Messrs. Tuttle, Green & Co., at the said city of Chicago, on the 14th day of August, A. D. 1855, and that payment thereof was refused and the same was not paid, and that due notice was given to the said defendants, Robert

Vol. VII. 29

L. Bell and August Baensch, under the firm and style of Bell & Baensch; and the said plaintiff further says that he is now the lawful owner and holder of said draft, and that the said defendants are now justly indebted to him, said plaintiff, thereon in the sum of five hundred dollars, with the interest thereon, at the rate of twelve per cent. per annum, since the 6th day of August, A. D. 1855.

Wherefore the plaintiff demands judgment against the makers of said draft for the sum of five hundred dollars, with interest thereon at the rate of twelve per cent. per annum, that being the current rate of interest on drafts at the time the same was given, and ten per cent. damages, according to the law in such cases made and provided, together with the costs and disbursements in this action, and desires that the trial of this cause be had in Manitowoc county.

To this the defendants filed a demurrer, assigning as the sole cause that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the plaintiff had judgment, from which the defendants appealed.

*J. H. Parish*, for Appellants.

It is assumed that the bill upon which this action is brought is a foreign bill, and that the demurrer sufficiently specifies the grounds of objection to the complaint. *Bucker vs. Feneky*, 2 Peters, 586 ; *Hare vs. Baker*, 1 Selden, 357.

1. The complaint does not aver that the bill was accepted. The bill in this case is payable at sight. Grace is allowed on bills payable at sight. It must be presented in order to fix the period of payment. It is, therefore, one of that class of bills which must be presented for acceptance. Story on Bills, § 228 ; 2 Greenl.'s Ev., § 176 ; Parson's Mercantile Law, 103 ; *Allen vs. Suydam*, 20 Wend., 321 ; 3 McCord, 195 ; Abbott's Precedent Pleading, pp. 159, 161.

2. The complaint does not aver that the bill was protested for non-payment. When a foreign bill becomes due, the holder, or his authorized agent, must present it for payment. Story on Bills, § 360. If payment is refused, it must be taken to a notary, who must present it again, *personally*, to the drawer for payment. If the drawer again refuse to pay, the notary can protest the bill. Chitty on Bills, 333. This custom of merchants is as old as commercial law, and is part of the constitution of a foreign bill. It is an act necessary to the dishonor of a foreign bill; without it the antecedent parties are discharged from all liability. Story on Bills, § 273; Chitty on Bills, 332; Edwards on Bills, 582, 694; *Sumner & Kimball vs. Bowen*, 2 Wis., 523. In the case of an inland bill, protest is not necessary to the liability of the antecedent parties, but it may be resorted to as evidence of the dishonor of the bill. But in the case of a foreign bill, it is the essential act which converts a conditional into an absolute liability, and must be alleged and proved. 2 Green. Ev., § 183; *Read vs. Bank of Kentucky*, 1 B. Monroe, 92; *Laid vs. Kelley*, id. 10; 4 Geo., 101; 3 Kent, 115; Chitty on Bills, 756; Brough & Perkins; 2 Ld. Raym., 992; *Rogers vs. Stevens*, 2 T. R., 714; *Gale vs. Walsh*, 5 T. R., 239; *Charties vs. Bell*, 4 Esp. R., 48; 2 Starke Ev., 162.

*Taylor & Hiller*, for Respondents.

1. The complaint in this action is on a bill drawn by the defendants in Manitowoc, in this State, on a firm in the city of Chicago, Illinois, and is therefore a foreign bill. The bill was drawn payable at sight, and in the city of Chicago. The question, therefore, of days of grace depends on the law of that State. By the laws of Illinois, bills payable at sight are payable on presentation, without days of grace, and no presentation for acceptance is necessary. *Bowen et al. vs. New-*

*ell et al.,* 3 Kernan's R., 290 ; Edwards on Bills and Promissory Notes, 522 ; 2 Duer's S. C. R., 584.

2. But if an acceptance were necessary and days of grace were allowable on the bill set forth in the complaint, then the presentation for acceptance is a condition precedent to its becoming due and payable, and the allegation in the complaint that the bill was *duly presented for payment,* implies that all acts necessary to be done previous to a presentation for payment were complied with by the plaintiff. Vansanvoort's Pl., 223, 2d ed.; Edward's on Bills and Promissory Notes, 676 ; Voorhies Code, 235.

3. A complaint which alleges all the facts necessary to constitute a cause of action is sufficient without alleging the evidence necessary to prove those facts. The complaint in this action alleges the making and delivery of a bill for value, the presentation of the same for payment, the refusal to pay, and notice of such refusal to the defendants. This complaint is good on general demurrer. *Salmon vs. Stanley,* 3 Doug. R., 300.; Saunder's Pleadings and Evidence, pp. 477, 528 ; Philips' Evidence, vol. 5, p. 31 ; Byles on Bills, 204.

4. A protest is a technical notice of dishonor, and in the case of foreign bills, the only evidence of such dishonor admissable. 12 Pick., 483 ; *Salmon vs. Stanley,* 3 Doug. R., 300 ; *Townsley vs. Sumrall,* 2 Peters, 180.

5. The demurrer in this action reaches only such defects as were reached by a general demurrer under the old practice. 13 Howard's Pr. R., 362.

6. That a formal protest is to be treated merely as the evidence of a fact, and not as a fact to be proved on the trial, is established by the following case : *Dennistone et al. agt. Stewart,* 17 Woodward's Reps., 666.

*By the Court*, WHITON, C. J.   We have no doubt but the complaint in this case was certainly good upon the demurrer interposed.   In the more material parts of the complaint, it is alleged that the defendants made their certain draft in writing on the 6th day of August, 1855, upon parties in the city of Chicago, naming them, whereby they required the drawees to pay to the order of the plaintiff, at sight of said draft, the sum of five hundred dollars; that in consideration of said draft, and believing the same would be paid on presentation, the plaintiff paid the defendants the said sum of five hundred dollars; and it is further averred that the draft was duly presented for payment to the drawees, in the city of Chicago, on the 14th of August, 1855, and that payment thereof was refused, and the same was not paid, and that due notice was given to the defendants.   The complaint also avers that the plaintiff was the lawful owner of the draft, and that the defendants were justly indebted thereon in the sum of five hundred dollars and interest, and twelve per cent. damages, and prayed judgment, &c.

To this complaint a demurrer was interposed, alleging that the complaint did not state facts sufficient to constitute a cause of action.   There was no further or other specification of any ground of objection to the complaint, as contemplated and required by section 50 of the code.   And we therefore have to look at the complaint and determine whether it is so fatally defective as not to set forth any cause of action.   And, as already remarked, we are clearly of the opinion that the complaint is good in substance, and if technically defective the appellant's remedy under the code was to move to strike out, or to have the complaint made more definite and certain by amendment according to section 66.

Were it not for the brief which the counsel for the appellant has filed in the cause, we might be at loss to know pre-

cisely what objection could be taken to the complaint. From the brief we learn that it is insisted the complaint is defective for not averring that the bill was accepted and then protested for non-payment. But, at most, these allegations were matters of form and not of substance, and could only be taken advantage of on motion to amend or render the complaint more certain in this respect. The complaint setting forth substantially a good cause of action must be held good as against the demurrer filed.

The judgment of the circuit court is affirmed.